Gen. 377]                                                               377

**TORTS**

**IMMUNITY − APPLICABILITY OF TORT CLAIMS ACT TO PARTICIPANTS IN COMMUNITY SERVICE PROGRAM**

January 8, 1993

*The Honorable Mary Louise Preis*
*House of Delegates*

You have requested our opinion whether community service participants who are assigned to State government are immune from tort liability. Specifically, you have asked: "Are persons assigned to work in Maryland's community service program considered volunteers under the Maryland Tort Claims Act?"

For the reasons stated below, we conclude that community service participants are "volunteers" who qualify for immunity under the Tort Claims Act if they meet its other requirements.

**I**

**Tort Immunity**

The Maryland Tort Claims Act, Title 12, Subtitle 3 of the State Government Article ("SG" Article), Maryland Code, delineates the scope of immunities afforded State employees and officials. SG §12-105 provides that "State personnel shall have the immunity from liability described under §5-399.2(b) of the Courts and Judicial Proceedings Article." This latter provision, in turn, generally grants to "State personnel" immunity from suit and from liability in tort if they have not acted with gross negligence or malice.

The term "State personnel" is defined in SG §12-101(3)(ii) to include a person who:

1.   is providing a service to or for the State;

2.    is not paid in whole or in part by the State; and

3.    satisfies all other requirements for designation as State personnel as may be set forth in regulations adopted by the Treasurer pursuant to Title 10 of this article.[1]

The pertinent regulation adopted by the Treasurer, COMAR 25.02.01.02B(8), elaborates that a volunteer is someone who:

(a)  Is performing services to or for a unit of State government, the employees of which are considered State personnel ...;

(b)    Is engaged in the actual performance of the services ... at the time of the incident giving rise to a claim; and

(c) In the performance of the services ...:

(i)  Is participating in a formal volunteer program, or

(ii)  Before the beginning of those services, is formally recognized by the unit as a volunteer.

## II

### Community Service

The community service program is outlined in Article 27, §726A of the Maryland Code.  Article 27, §726A(b) provides as follows:

---

[1] We note that the Local Government Tort Claims Act includes within its definition of "employee" "[a] volunteer who, at the request of the local government, and under its control and direction, was providing services or performing duties."  §5-401(c)(2)(iii) of the Courts Article.

Except as otherwise provided, a court may assign or order a juvenile who is charged with the commission of a delinquent act, or a criminal defendant who has not been convicted of a crime of violence, to perform community service:

(1)  As a condition of probation ...;

(2)  As a condition to a suspended sentence;

(3)  In lieu of payment of any fines and court costs imposed;

(4)  As a condition of:

(i)  A case being placed on a stet docket; or

(ii) A juvenile being subject to a diversionary program.[2]

Although community service is imposed by the court as a condition with which the defendant or juvenile must comply, nevertheless it may not be imposed against the wishes of the individual. Under Article 27, §726A(c)(2)(i), "[c]riminal defendants or juveniles may be assigned to work projects under the community service program only if ... [a]ssignment to a work project is made with the consent of the juvenile or defendant."  The program participant also agrees that there will be no compensation for the work performed under the program.  §726A(c)(2)(ii).

In describing the kind of "volunteers" who are included within the Tort Claims Act, neither SG §12-101(3)(ii) nor COMAR 25.02.01.02 says anything about the underlying motivation for a person's decision to provide uncompensated service to the State. As a general proposition, what matters is whether the person is required

---

[2] Work assignments can be carried out at private charitable, nonprofit institutions or public and community service organizations and agencies of government.  Article 27, §726A(d)(1).

to perform the service or not: A volunteer is "a person whose actions are not founded on any legal obligation to do so." *Random House Dictionary of the English Language* 2131 (2d ed. unabridged 1987).[3] Despite the fact that community service is an alternative to forms of punishment that most people would rather avoid, participants in the program nevertheless have no legal obligation to give consent. When they do consent, they are "participating in a formal volunteer program" in the broad sense apparently intended by the Treasurer. And from the perspective of the agencies gaining their services, they are unquestionably volunteers.

### III

### Conclusion

In summary, it is our opinion that participants in the community service program established by Article 27, §726A who otherwise meet the requirements of the Maryland Tort Claims Act are immune from tort liability.

J. Joseph Curran, Jr.
*Attorney General*

Pamila J. Brown
*Assistant Attorney General*

Jack Schwartz
*Chief Counsel*
  *Opinions & Advice*

---

[3] We have examined Maryland and out-of-state authorities that discussed the term "volunteer," but the contexts were so varied that none of the cases appears to be pertinent.